LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-CV-02898 FCD-JFM |
| Plaintiff, | **PLAINTIFF'S STATUS REPORT AND ORDER** |
| v. | |
| APPROXIMATELY $63,786.12 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 5306090506 HELD IN THE NAME OF BEST GAS AND BEAR RIVER MARKET, and | |
| APPROXIMATELY $55,888.87 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 5306078386 HELD IN THE NAME OF ALTA SIERRA STATION, | DATE:    N/A<br>TIME:    N/A<br>COURTROOM: N/A |
| Defendants. | |

The plaintiff submits the following report pursuant to this Court's Order Requiring Joint Status Report. No one has yet filed a claim to the defendant property or an Answer to the Complaint for Forfeiture <u>In</u> <u>Rem</u>, so Plaintiff alone is filing this report.

//

//

1

**(a) Brief summary of the claims and legal theories under which recovery is sought or liability denied:**

Plaintiff United States of America contends the defendant currency is forfeitable to the United States under 31 U.S.C. § 5317(c)(2) because the currency was involved in a violation of the federal anti-structuring statute (31 U.S.C. § 5324(a)(1)), i.e. the funds were deposited into bank accounts in amounts under $10,000 in such a way that the deposit pattern showed an intent to avoid the filing of a Currency Transaction Report by the bank. Under federal law, a financial institution is required to file a Currency Transaction Report with the Internal Revenue Service whenever a person deposits more than $10,000 in currency into an account. Breaking up a single deposit into smaller amounts under $10,000, and depositing those smaller deposits at different branches of a bank on the same day, or on consecutive business days, is considered "structuring" and violates federal law.

**(b) Status of service upon all defendants and cross-defendants:**

All known potential claimants to the currency have been served. Plaintiff gave direct notice of the forfeiture action to Shahnawaz and Habiba Sherali (husband and wife) by personally serving them with the Summons, Complaint, Notice of Forfeiture Action, and related documents on December 8, 2008. In addition, these documents were sent by certified mail to Gail Shifman, 44 Montgomery Street, Suite 3850, San Francisco, CA 94104 on December 2, 2008, the Sheralis' attorney. The PS Form 3811 (certified mail return postcard) shows that the law office received the documents on December 5, 2008.

These potential claimants had 35 days from December 8 to file a claim to the property (see Rule G(5)(a)(ii)of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions)("Supplemental Rules") and 20 days after filing a claim to file an Answer to the Complaint.  See Rule G(5)(b) of the Supplemental Rules.  To date, no one has filed a claim or answer.

In addition, plaintiff is required to publish notice of the forfeiture action on www.forfeiture.gov and has submitted an order to the assigned Magistrate Judge for signature.  Plaintiff will commence publication as soon as the order is signed.

**(c)  Possible joinder of additional parties:**

It is possible that a person whose identity is not known to the government could file a claim and answer as a result of the published forfeiture notice.  Under Rule G(5)(a)(ii)(B) of the Supplemental Rules, a person who did not receive direct notice of the forfeiture has 60 days after the first day of publication on the official government website to file a claim.

**(d)  Contemplated amendments to the pleadings:**

None known at this time.

**(e)  Statutory basis for jurisdiction and venue**:

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a).  Venue is based on 28 U.S.C. §§ 1355(b) and 1395.

**(f)  Anticipated discovery and the scheduling of discovery, including:**

Since no party has appeared to claim the defendant property, plaintiff will not be conducting discovery and respectfully suggests that the case need not be scheduled at this time.

3

**(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

Plaintiff will be seeking the entry of defaults against the Sheralis within the next 10 days, and will seek a Final Judgment of Forfeiture forfeiting all right, title, and interest in the defendant property to the United States after publication is complete.

**(h) Proposed date for final pretrial conference:**

As noted above, plaintiff does not believe there will be a need for a final pretrial conference, and believes that this case will be resolved by a motion for default judgment.

**(i) Proposed date for trial, estimate of days of trial, and whether any party has demanded a jury:**

As noted above, plaintiff does not believe this matter will go to trial.

**(j) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

None.

**(k) Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

None.

**(l) Whether the case is related to any other case pending in this district, including the bankruptcy courts of this district:**

None.

**(m) Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge:**

None.

(n) **Any other matter that may be conducive to the just and expeditious disposition of the case.**

Since notice of the forfeiture action has not yet been published, plaintiff suggests that it file another status report in 90 days to advise the court whether publication is complete and if anyone has come forward to claim the property. If a claim has been filed, plaintiff and claimant will file a joint status report at that time.

DATED: February 10, 2009        LAWRENCE G. BROWN
                                Acting United States Attorney


                          By    /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney

**ORDER**

For the reasons set forth above, plaintiff shall submit a status report on or before May 11, 2009, advising the Court whether publication of the Notice of the Forfeiture Action is complete. If any person has filed a claim to the defendant property by May 11, 2009, the parties shall submit a joint status report addressing the issues listed in the Order Requiring Joint Status Report dated December 1, 2008.

IT IS SO ORDERED.

Dated: February 11, 2009        _____
                                FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE

5